UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR JAIME, JR., | ) CASE NO. ED CV 09-2152-R (PJW) |
| Petitioner, | ) |
| | ) ORDER DISMISSING PETITION |
| v. | ) WITHOUT PREJUDICE |
| | ) |
| LARRY SMALL, W(A), | ) |
| | ) |
| Respondent. | ) |

In November 2009, Petitioner filed the instant habeas corpus Petition, raising four claims:

1. Trial counsel was ineffective because he did not object to the imposition of an upper-term sentence.
2. There was insufficient evidence to support the assault with a firearm conviction.
3. The trial court erred by failing to instruct the jury on the elements of the offense.
4. The trial court erred in sentencing Petitioner to the upper term.

(Petition at 5-6.) The Court has a duty to screen petitions before service. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). In so doing, if it plainly appears from the face of the petition that Petitioner is

not entitled to relief, the Court may *sua sponte* dismiss the action at the outset. As explained in detail below, it is clear that Petitioner has not exhausted any of his claims by presenting them to the state supreme court before filing his federal Petition. As such, the Petition is subject to dismissal at this stage.

As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). In fact, the Court is without authority to grant relief "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

In the case at bar, it is clear that Petitioner has not exhausted his state remedies with regard to any of the claims raised in this Petition. Petitioner concedes that he did not raise Grounds One and Four of his Petition in the California Supreme Court.[1] An examination of the petition for review he filed in the California Supreme Court-- which he submitted with his Petition in this court--confirms that Petitioner did not raise any claim challenging the imposition of an

---

[1] In Grounds One and Four, Petitioner checked the "No" box when asked if he had raised the respective claim in the California Supreme Court. (Petition at 5-6.)

upper-term sentence or his counsel's effectiveness.  Thus, these two claims are plainly unexhausted.

Moreover, despite Petitioner's claims to the contrary, Grounds Two and Three of the instant Petition are also unexhausted. Petitioner contends that he presented Ground Two, insufficient evidence, to the state supreme court in his petition for review. (Petition at 5.)  Although Petitioner did challenge the sufficiency of the evidence in the state supreme court, he "never apprised the state court of the federal nature of his claim." *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996).  Petitioner's failure to raise a federal question in connection with this claim renders it unexhausted. *See Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (finding a federal claim unexhausted where petitioner's state petition provided no citation to federal authority which "might have alerted the [state] court to the alleged federal nature of the claim").  Rather, it is clear that Petitioner challenged the sufficiency of the evidence in state court only under state law.  That is not sufficient to exhaust the claim under the federal Constitution. *See Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999) (holding that the presentation of insufficient evidence claim based on state law was insufficient to exhaust federal due process claim of insufficient evidence).

Finally, in Ground Three, Petitioner claims that the trial court erred in instructing the jury.  (Petition at 6.)  However, no claim of instructional error was raised in his state supreme court petition for review.  Thus, this claim is plainly unexhausted.

Because all of the claims in the Petition are unexhausted, it is dismissed without prejudice to re-file once Petitioner has exhausted his claims. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.

2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.").[2]

IT IS SO ORDERED

DATED: December 8, 2009

_____
MANUEL REAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Temp\notesFFF692\Ord_Dism.wpd

---

[2] A dismissal for failure to exhaust is not a bar to returning to federal court after properly exhausting available state remedies.